# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SERGIO HERRON,

    Petitioner,

    v.                                     CASE NO. 19-3234-JWL

WARDEN, USP-Leavenworth,

    Respondent.

## ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in federal custody at USP-Leavenworth in Leavenworth, Kansas. Petitioner challenges the execution of his federal sentence. The Court has examined the record and finds that a responsive pleading is required.

Petitioner filed a motion for leave to proceed *in forma pauperis* (Doc. 4). Because the Application and attached institutional account statement show that Petitioner is able to pay the $5 habeas filing fee, the motion is denied. Petitioner shall submit the $5.00 habeas filing fee by December 13, 2019.

Plaintiff has also filed a motion for discovery, evidentiary hearing, and appointment of counsel (Doc. 5). The Court, in its discretion, may apply the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, to habeas petitions filed under § 2241. *See* Rule 1(b), Rules Governing Habeas Corpus Cases. Rule 8 provides that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *Pittman*

*v. Fox*, 766 F. App'x 705, 723 (10th Cir. 2019) (quoting *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004)).

Petitioner seeks an evidentiary hearing to allow him to testify and to present legal arguments. (Doc. 5, at 1–2.) Petitioner has not indicated why he is unable to make his statements and legal arguments in writing. The Court finds that an evidentiary hearing is not warranted at this time, and denies the request for an evidentiary hearing without prejudice to the Court's reconsideration of the request at a later time.

The Court likewise finds that discovery is unnecessary at this time. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Curtis v. Chester*, 626 F.3d 540, 549 (10th Cir. 2010) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). The Court may permit discovery under Habeas Rule 6 if the Petitioner provides "reasons" for the request and the Court finds "good cause" to allow discovery. *Id*. at Rules 6(a) and 6(b); *Smith v. Gibson*, 197 F.3d 454, 459 (10th Cir. 1999) (petitioner entitled to discovery "if, and to the extent that, the [district court] judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."). Petitioner has not shown good cause for discovery.

The Court denies without prejudice the request for appointment of counsel. Petitioner requests counsel to represent him for the purposes of discovery and an evidentiary hearing. The Court has already held that discovery and an evidentiary hearing are not warranted at this time. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2241 petitioner

if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). The Court has not determined that an evidentiary hearing is warranted at this time.

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."). Petitioner's motion is denied without prejudice to the Court's reconsideration in the event the Court finds an evidentiary hearing is required in this matter.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.** Petitioner shall submit the $5.00 filing fee by **December 13, 2019.** Failure to submit the filing fee by this date may result in dismissal of this action without further notice for failure to comply with this Court's order.

**IT IS FURTHER ORDERED** that Petitioner's motion for discovery, evidentiary hearing, and appointment of counsel (Doc. 5) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Respondent is hereby required to show cause on or before **December 18, 2019**, why the writ should not be granted; that Petitioner is granted until **January 17, 2020**, to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

Copies of this Order shall be transmitted to the parties and the U. S. Attorney for the District of Kansas.

**IT IS SO ORDERED**.

**Dated November 18, 2019, in Kansas City, Kansas.**

<pre>                              S/ John W. Lungstrum
                              JOHN W. LUNGSTRUM
                              UNITED STATES DISTRICT JUDGE</pre>