# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SERGIO S. HERRON,**

    **Petitioner,**

    v.                                 CASE NO. 19-3234-JWL

**WARDEN, USP-Leavenworth,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is incarcerated with the Federal Bureau of Prisons ("BOP") at USP-Leavenworth in Leavenworth, Kansas. Petitioner challenges the calculation of his federal sentence. Respondent has filed an Answer and Return (Doc. 10). Petitioner has not filed a Traverse, and the February 18, 2020 deadline for filing one has passed. The Court finds that Petitioner has not demonstrated that he is in custody in violation of the Constitution or laws or treaties of the United States, and denies relief.

**I. Facts**

On May 31, 2012, Petitioner was arrested in Peoria, Illinois, for First Degree Murder, Armed Robbery, and Aggravated Unlawful Use of Weapons. *See* Doc. 10–1, at 1 (Colston decl., ¶ 3); Doc. 10–1, at 7. On June 20, 2013, Petitioner was sentenced in the Circuit Court of the Tenth Judicial Circuit of Illinois, Case No. 12-CF-593, to a 24-year state term of confinement for Armed Robbery with a Firearm. (Doc. 10–1, at 1–2, 9–10.) The Court ordered that Petitioner receive credit for time served from May 31, 2012 (date of arrest) through June 20, 2013 (date of

state court sentencing).  *Id*. at 10.

On October 30, 2012, Petitioner was taken into temporary custody by the United States Marshals via a Writ of Habeas Corpus Ad Prosequendum.  *Id*. at 2, 14.  Petitioner was sentenced in federal court on September 4, 2014, in the Central District of Illinois, to a 120-month term of imprisonment for Conspiracy to Use, Carry, and Possess Firearms in Relation to and in Furtherance of a Drug Conspiracy, in violation of 18 U.S.C. §§ 924(o) and 2.  (Doc. 10–1, at 18.)  The sentence was ordered to run concurrently with Peoria County Case No. 12-CF-593.  (Doc. 10–1, at 19.)  Petitioner was returned to the custody of the Illinois Department of Corrections on September 8, 2014, in satisfaction of the federal writ.  *Id*. at 2, 14.

On May 31, 2018, Petitioner was paroled from the Illinois Department of Corrections, Case No. 12-CF-593, to the exclusive federal custody of the United States Marshals. (Doc. 10–1, at 2, 14, 25.)  The Bureau of Prisons prepared a sentence computation for Petitioner based on his 120-month term of imprisonment commencing September 4, 2014, the date it was imposed, thereby affecting concurrent service of his state and federal sentences.  (Doc. 10–1, at 3, 29.)  Petitioner currently has a projected release date of March 13, 2023, via good conduct time release.  (Doc. 10–1, at 27–28.)

## II. Discussion

### 1. Exhaustion

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241.  *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542.  Respondent acknowledges that Petitioner has exhausted his administrative remedies with respect to the issues presented in his Petition.  (Doc. 10, at 3.)

**2. Standard of Review**

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3).

**3. Sentence Computation**

Petitioner alleges that the BOP improperly calculated his federal sentence. Petitioner alleges that he is entitled to credit against his current federal sentence "for previous state sentence and the time served up until he was written [sic] into custody for sentencing." (Doc. 1, at 2.) Petitioner alleges that "the court failed to depart to achieve a total concurrent sentence . . . [and] made it concurrent from the date of sentencing on . . . depriv[ing] [him] of the time [his] state sentence began." (Doc. 1, at 6.) Respondent argues that all of Petitioner's time in state custody, including the time on Writ of Habeas Corpus Ad Prosequendum, was credited toward Petitioner's state sentence.

The BOP, in calculating a sentence, first establishes the commencement date, governed by 18 U.S.C. § 3585(a); and second, determines credit for time already spent in custody, governed by 18 U.S.C. § 3585(b). In accordance with statute, the BOP determines the date a federal sentence commences as the date in which "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The earliest time a sentence can commence is the date of imposition of the federal sentence. *See Isles v. Chester*, Case No. 08–3028–RDR, 2009 WL 1010553, at *4 (D. Kan. April 15, 2009) (citing *DeMartino v. Thompson*, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) ("Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")); *see also* Program Statement (PS) 5880.28, Sentence Computation

Manual, February 21, 1992, P. 1 – 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."); Doc. 10–1, at 37.[1]

The second step in the BOP's computation involves a determination of whether a defendant is entitled to any credit for time spent in custody prior to the commencement of the sentence. Prior custody credit is provided for in Section 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Petitioner's federal sentence has been computed as commencing on September 4, 2014— the date it was imposed. Any time credited to service of Petitioner's state sentence before his federal sentence was imposed may not be credited towards service of his federal sentence. Section 3585(b), as well as PS 5880.28, preclude the application of credit for time that has been credited against another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (finding that Congress made clear in § 3585(b) that a defendant could not receive a double credit for his detention time); *Stewart v. English*, Case No. 16-3212-JWL, 2017 WL 748125, at *2 (D. Kan. Feb. 27, 2017) (federal prisoner may not receive credit for time that is counted on another sentence).

In *Isles v. Chester*, the Court found that because petitioner received credit for the time toward his state sentence, "the BOP was statutorily precluded from granting him prior custody

---

[1] Program Statements are located on the BOP's website at www.bop.gov/resources/policy_and_forms.jsp.

credit toward his federal sentence for that time." *Isles*, 2009 WL 1010553, at *4. The Court noted that the last clause of § 3585(b) prohibits double sentencing credit. *Id*. at *4–5 (citing *Torres v. Brooks*, 2000 WL 158963 (10th Cir. Feb. 15, 2000) (petitioner not entitled to credit for time spent in state custody prior to commencement of his federal sentence notwithstanding statement by federal sentencing judge that petitioner should be credited for those days; § 3585(b) prohibits such double credit). The Court noted that "[c]oncurrent sentences normally mean that the sentence being imposed will run concurrently with the undischarged portion of a previously imposed sentence." *Id*. at *5 (citations omitted). The Court also noted that "[t]he phrase 'to run concurrent with' evidences the sentencing court's intent to allow the BOP to perform its normal calculations for concurrent sentences." *Id*. at *6.

Petitioner has not shown that he is entitled to credit on his federal sentence for the time he was in custody under the Writ of Habeas Corpus Ad Prosequendum. Petitioner was in service of his state sentence from May 31, 2012 (date of initial arrest) through May 31, 2018 (date of parole from state sentence). Therefore, Petitioner cannot receive credit on his federal sentence for October 30, 2012, through September 4, 2014 (the time he was with the US Marshal's Office on Writ of Habeas Corpus Ad Prosequendum), as this time has already been credited to his state sentence. PS 5880.28 states in part, "[t]ime spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time. The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody." (Doc. 10–1, at 39.) Therefore, Petitioner cannot receive credit on his federal sentence for October 30, 2012, through September 4, 2014, as he was taken into temporary custody by the United States Marshals via a Writ of Habeas Corpus Ad Prosequendum.

The BOP also reviewed Petitioner's sentence computation for *Willis/Kayfez* credit. In order for state presentence time to be credited toward Petitioner's federal sentence, it must meet the conditions set out in either *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993) or *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971). PS 5880.28 states that if the non-federal and federal sentences are concurrent, and the Raw Expiration Full Term ("Raw EFT") date of the non-federal term is greater than the Raw EFT of the federal term, and if the non-federal Raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal Raw EFT, then a *Kayfez* situation exists. PS 5880.28, Feb. 14, 1997, p. 1 – 22B to 1 – 22C.

PS 5880.28 provides that "[t]he Raw EFT for both a federal and non-federal sentence is determined by adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence (**Raw EFT**) that does not include any time credit, e.g., presentence or prior custody time or good time." PS 5880.28, Feb. 14, 1997, p. 1 – 14. Petitioner's federal Raw EFT is September 3, 2024 (sentenced to ten years on September 4, 2014); and his non-federal Raw EFT is June 19, 2037 (sentenced to twenty-four years on June 20, 2013).

Qualified non-federal presentence time is defined as "[t]ime spent in non-federal presentence custody from the date of the federal offense, that does not overlap any other authorized prior custody time credits, to the date the first sentence begins to run, federal or non-federal." *Id*. at p. 1 – 14A. Petitioner's qualified non-federal presentence time was calculated at 385 days (May 31, 2012 date of offense to June 20, 2013 date of first sentencing). *See* Doc. 10 – 1, at 44. Because Petitioner's federal Raw EFT (September 3, 2024) was not equal to or greater than his non-federal EFT (June 19, 2037), he was not entitled to have his 385 days of qualified

non-federal presentence time applied to his federal sentence. *See id*. (referring to this as the "Willis Credit"). Next, the 385 days of qualified non-federal presentence time was applied to Petitioner's non-federal sentence (June 19, 2037 minus 385 days) providing for a non-federal adjusted EFT of May 30, 2036. *Id*. at 45. Because Petitioner's federal Raw EFT is still earlier than this adjusted non-federal EFT, he was not entitled to Kayfez Credit. *Id*. Petitioner's case did not meet the conditions set out above under *Kayfez* or *Willis*; therefore, these credits are not applicable. (Doc. 10–1, at 4–5, 41–42, 44–45.)

The Court finds that the BOP properly calculated Petitioner's prior custody credit.

**IT IS THEREFORE ORDERED BY THE COURT** that this petition for writ of habeas corpus is **denied**.

**IT IS SO ORDERED**.

**Dated February 28, 2020, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**